ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 NOV 25 A 11: 26

CLERK
SO. DIST. OF GA.

MICHAEL D. DYER, )
      Plaintiff, )
)
v. ) CV 313-039
)
JASON MEDLIN, Warden, et al., )
)
      Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case brought pursuant to 42 U.S.C. § 1983. On July 9, 2013, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within 30 days. (Doc. no. 5.) When Plaintiff failed to respond, the Court recommended dismissal of his case without prejudice in a Report and Recommendation ("R&R") dated August 29, 2013. (Doc. no. 6.) After the R&R was issued Plaintiff submitted the requisite forms, and the Court therefore issued an Order on October 3, 2013 vacating the R&R and directing Plaintiff to file an amended complaint on the standard complaint form for incarcerated litigants in the Southern District of Georgia. (Doc. no. 11.) Plaintiff complied by filing an amended complaint on the proper form on October 15, 2013 (doc. no. 12), but has since filed an additional handwritten amendment on November 14, 2013 (doc. no. 13).

However, it subsequently came to the attention of the Court that Plaintiff is subject to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). Accordingly, the Order granting Plaintiff permission to proceed IFP (doc. no. 5), has been vacated in an Order issued simultaneously with this R&R. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 3) and that this action be **DISMISSED** without prejudice.

## I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the PLRA, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera v. Allin, 144 F.3d 719, 721-727 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

---

[1] The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Dyer v. Rheemic, CV 207-061 (N.D. Ga. Sept. 7, 2007) (dismissed for failure to state a claim); (2) Dyer v. Rheemic, CV 207-078 (N.D. Ga. Sept. 11, 2007) (dismissed as frivolous); and (3) Dyer v. Medlin, CV 313-019 (S.D. Ga. June 3, 2013) (dismissed for abuse of the judicial process). All of these previous cases qualify as strikes under § 1915(g) because they were dismissed as frivolous or malicious or failing to state a claim.[2] Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception.

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff raises a litany of complaints related to his living conditions, including his limited access to the law library, the poor quality of the drinking water, insufficient heating, leaks in the cooling and heating vents, exorbitant prices for goods in the commissary, delays in receiving sinus and heartburn medicine, his mail

---

[2] The Eleventh Circuit has held that dismissal for "abuse of the judicial process" is a strike-worthy form of dismissal under § 1915(g). See Rivera, 144 F.3d at 731.

being opened by prison staff, unsafe showers, and recurring outbreaks of athlete's foot and other such rashes. (See doc. nos. 12, 13.) Nonetheless, the myriad allegations in Plaintiff's filings do not support a finding of imminent danger of serious physical injury at the time he commenced this case. (Id.) Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 3) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 25th day of November, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE