ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 15 PM 1:56

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MICHAEL D. DYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 313-039 |
| | ) | |
| JASON MEDLIN, Warden, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 17).[1] The Magistrate Judge recommended denying Plaintiff's motion to proceed *in forma pauperis* ("IFP") and dismissing this action without prejudice pursuant to 28 U.S.C. § 1915(g) because he had three prior federal lawsuits that were dismissed as frivolous or failing to state a claim and he failed to show that he qualified for the "imminent danger of serious physical injury" exception. (Doc. no. 15.)

In his rambling and often incoherent objections, Plaintiff claims he does not have three strikes under § 1915(g), because one of the cases cited by the Magistrate Judge, Dyer v. Medlin, CV 313-019 (S.D. Ga. June 3, 2013), was not dismissed as frivolous or

---

[1] Plaintiff also raises objections to the Magistrate Judge's R&R in two subsequent filings, titled "Motion in Medical Needs deniel, Mal-practice [sic]," and "Motion to Amend Complaint." (Doc. nos. 18, 19.)

failing to state a claim, but rather for abuse of the judicial process. (Doc. no. 17, pp. 1-2.) However, as stated in the R&R, dismissal for abuse of the judicial process is strikeworthy. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007)).

Plaintiff also argues that he qualifies for the imminent danger exception to § 1915(g), but in support of this assertion simply reiterates several of the myriad issues raised in his complaint, e.g. that he is not receiving his heartburn and sinus medications promptly, and that bacterial infections are common at his facility. (See generally doc. nos. 17, 18, 19.) As stated in the R&R, these complaints do not support a finding of imminent danger of serious physical injury, and Plaintiff's objections are therefore **OVERRULED**.[2]

In his filing titled "Motion to Amend Complaint," Plaintiff again raises many of the issues addressed in the R&R, as well as his frustrations with the Court's treatment of his cases. (Doc. no. 19.) Because Plaintiff has already amended his complaint twice (doc. nos. 12, 13), he may not amend his complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1). Therefore, Plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis,

---

[2] In addition to restating the aforementioned complaints, Plaintiff's filing titled "Motion in Medical Needs deniel, Mal-practice [sic]" also includes unrelated allegations regarding inmate searches, theft of property, complaints about the outcome of his previous cases, and a request for information pertaining to Defendants. (Doc. no. 18.) Because the filing pertains to unrelated matters, or matters already addressed in the Magistrate Judge's R&R, which the Court is herein adopting, Plaintiff's motion is **DENIED** as **MOOT**.

2

371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and the decision on whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[3] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182). A motion to amend is properly denied as futile when the proposed claims are without merit or cannot form the basis for cognizable relief. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007))).

Here, Plaintiff again raises numerous issues regarding his living conditions, nearly all of which were already addressed in the R&R, and which are plainly insufficient to show any imminent danger of serious physical injury at the time he filed his complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As such, Plaintiff's proposed amendment is futile, as it would still be subject to dismissal for the reasons stated in the Magistrate Judge's R&R. See Coventry, 605 F.3d at 870. Plaintiff's motion to amend is therefore **DENIED**. (Doc. no. 19.)

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's request to proceed IFP is **DENIED** (doc. no. 3), and this action is **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must initiate a new lawsuit by filing a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 15th day of January, 2014, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE